■ DIVERSIFIED RESEARCH PARTNERS LIMITED PARTNERSHIP, Appellant, v POLLUTION RESEARCH AND CONTROL CORPORATION, Formerly Known as DASIBI ENVIRONMENTAL CORP., Respondent. [603 NYS2d 834] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 18, 1992, granting defendant's motion to dismiss the action on the ground of forum non conveniens and to vacate plaintiff's notice to take the deposition of defendant's president and for the production of documents on condition that defendant not contest plaintiff's recommencement of suit in California, unanimously reversed, on the law and the facts and in the exercise of discretion, that part of defendant's motion seeking to dismiss the action on the ground of forum non conveniens is denied, the action reinstated and the matter remanded to the IAS Court for consideration of that part of defendant's motion seeking a protective order, with costs.

Where a New York limited partnership brings suit in New York for an accounting by a California corporation under investment contracts executed in this State and governed by its laws, it was improvident to dismiss the action on forum non conveniens grounds inasmuch as defendant failed to raise any objection in its answer or for more than a year thereafter, during which time it unsuccessfully defended and appealed plaintiff's motion for partial summary judgment on its cause of action for royalties (188 AD2d 419). It appears that defen-

dant's motion to dismiss was made only in conjunction with its efforts to avoid having defendant's president appear in New York for oral deposition and to produce documents. If it was not inconvenient for him to come to New York to execute the agreements and accept delivery of plaintiff's $925,000 investment, it is not unduly burdensome to require him to defend this action in New York. Defendant has failed to make the requisite showing that, "in the interest of substantial justice," this action should be heard in California (CPLR 327 [a]).

Inasmuch as the IAS Court did not reach the merits of that part of defendant's motion seeking a protective order from the notice of deposition dated November 5, 1991, we remand for such consideration. However, to the extent that plaintiff seeks relief regarding the order of the IAS Court entered July 21, 1992 granting defendant's subsequent motion for a protective order from plaintiff's demand for documents and interrogatories served on April 9, 1992, we have no record of any appeal having been taken from such order and, accordingly, cannot entertain such request. Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.